*By the Court :
A sum of money due for interest is as justly and fairly due as for any other consideration, and an agreement to pay interest upon it, after it is due, can not be deemed usurious. Courts have been indisposed to compute interest upon interest, where the contract between the parties was silent. But if when the interest is due and payable ,and constitutes a then subsisting debt, the debtor ask to retain it, and pay interest upon the amount at the legal rate of interest, the agreement is not usurious. It is nothing more than, an agreement to pay legal interest for'the forbearance of enforcing" the collection of a debt then actually due and demandable. Such was the case before us. In 1807, the debtor agreed that upon the-principal and interest then due, he would pay the interest annually. This agreement he failed to perform. In 1812, he acknowledged the existence and obligation of the agreement, and settled” the account according to it, and gave his notes for the amount, and the mortgage to secure the payment. If, instead of giving the-notes and mortgage, in 1812, he had when the amount was ascertained, paid it in money, he certainly could not have sustained an< action to recover back what he now calls the usury. Neither can he - now set it up to avoid the mortgage, or to escape from the pay- • ment. It was but the compliance with his agreement to pay the interest annually, and did not put the party in the same condition he would have been in, had the interest been annually paid, for* the receipt of the money might be worth more than the engage *14 ment to pay it. The contract was fair, free from injustice or oppression, and not touched by the statute. We are, therefore, of opinion, that the complainants are entitled to a decree for the whole debt claimed